# Exhibit B

# Millerton Police Department
## Information / Complaint
### (C.P.L. 100.05-100.15)

State of New York : County of Dutchess
Justice Court : Town of North East

---

People of the State of New York

    -against-
Mathew A. Sanchez, DOB     /1980

Tianna S. Sanchez, DOB     /1983

    Defendant(s)

*MISDEMEANOR*

Information/Complaint

I, Benjamin Doty, the complainant herein, am a Police Officer of the State of New York, To wit: the Village of Millerton Police Department, Dutchess County, New York.

I accuse Mathew A. Sanchez and Tianna S. Sanchez, the defendants in this action and charge that on or about and between the 1st day of December 2016 to 31st day of May 2017 at ......, Dutchess County, New York said defendants as a continuing course of conduct did intentionally, knowingly and unlawfully commit the Misdemeanor of **Endangering the Welfare of a Child** contrary to the provisions of section 260.10 subdivision 1 of the Penal Law of the State of New York.

A person is guilty of **Endangering the Welfare of a Child** when, he/she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less that seventeen years old or directs or authorizes such child to engage in an occupation involving a substantial risk of danger to his or her life or health.

The said defendants, at the aforesaid time and place, did knowingly act in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old by Mathew A. Sanchez and Tianna S. Sanchez punishing D_ H_ DOB )/2005 by making D_ H_ stand facing the wall for long periods of time. D_ H_ ll was only allowed to move from the wall to use the bathroom or to eat only if Mathew A. Sanchez or Tianna S. Sanchez gave him permission. D_ H_ would stand facing the wall so long that his legs would ache. D_ H_ was made to sleep on the floor for bedtime by Mathew A. Sanchez because Mathew A. Sanchez believed that D_ H_ was saying things in his head. Mathew A. Sanchez made D_ H_ sleep in the garage for one night because Mathew A. Sanchez stated that D_ H_ peed his pants. Davion Hounshell slept in the garage that isn't attached to the house during a cold night. D_ Ho_ had only one blanket and slept in a chair upright while resting his head on a pillow. D_ H_ woke up to with his hands and feet so cold he could not feel them in the morning. D_ H_ is afraid of Mathew A. Sanchez because of the punishment that he would get resulted in Mathew A. Sanchez punching him or beating D_ H_ with a flashlight. Tianna S. Sanchez has witnessed these things done to D_ H_ and at times has done the same things to D_ H_.

Above allegations of fact are based herein upon the witness D_ H_ and an accompanied Supporting Deposition

Note: False statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the New York State Penal Law.



Date: 02/16/2018

Case # 17-213V

_____
Complainant

# Millerton Police Department
## Information / Complaint
### (C.P.L. 100.05-100.15)

State of New York : County of Dutchess
Justice Court : Town of North East

---

People of the State of New York

-against-

Mathew A. Sanchez, DOB   /1980

Tianna S. Sanchez, DOB    /1983

Defendant(s)

*MISDEMEANOR*

Information/Complaint

I, Benjamin Doty, the complainant herein, am a Police Officer of the State of New York, To wit: the Village of Millerton Police Department, Dutchess County, New York.

I accuse Mathew A. Sanchez and Tianna S. Sanchez, the defendants in this action and charge that on or about and between the 1st day of December 2016 to 31st day of May 2017 at Dutchess County, New York said defendants as a continuing course of conduct did intentionally, knowingly and unlawfully commit the Misdemeanor of **Endangering the Welfare of a Child** contrary to the provisions of section 260.10 subdivision 1 of the Penal Law of the State of New York.

A person is guilty of **Endangering the Welfare of a Child** when, he/she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less that seventeen years old or directs or authorizes such child to engage in an occupation involving a substantial risk of danger to his or her life or health.

The said defendants, at the aforesaid time and place, did knowingly act in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old by Mathew A. Sanchez and Tianna S. Sanchez punishing S   H     , DOB 1  /2002 by making S  H     stand facing the wall for long periods of time. S   H     was only allowed to move from the wall to use the bathroom or to eat only if Mathew A. Sanchez or Tianna S. Sanchez gave her permission. S   H     was only allowed to leave the wall to do homework or chores. Skye Hounshell would stand facing the wall so long that her legs would ache. S   H     was to repeat standing against the wall every day. S   H     was made to sleep on the floor for bedtime by Mathew A. Sanchez because Mathew A. Sanchez believed that S  e F     l was saying things in her head. Skye Hounshell was told when she could go to bed by Mathew A. Sanchez. Skye Hounshell was hit by Mathew A. Sanchez with his hands and by a flashlight for trying to break into Mathew A. Sanchez's and Tianna S. Sanchez's room and damaging Mathew A. Sanchez's car. S   H     is afraid of Mathew A. Sanchez because of the punishment that she would get resulted in Mathew A. Sanchez punching her or beating S   H     , with a flashlight. Tianna S. Sanchez has witnessed these things done to S   H     and at times has done the same things to S   H     ., S   H     was asked to lie by Tianna S. Sanchez that Mathew A. Sanchez did not hit S   H     , with his hands or a flashlight while being visited at the Children's home so that all the Children could move back home.

Above allegations of fact are based herein upon the witness S   H     and an accompanied Supporting Deposition

Note: False statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the New York State Penal Law.

Date: 02/16/2018

Case # 17-213V

_____
Complainant