# Exhibit D

F.C.A. §§ 1012, 1031

Form 10-6
(Child Protective-
Petition -- Neglect)
(8/2010)

FAMILY COURT OF NEW YORK
COUNTY OF DUTCHESS
HON. JOSEPH A. EGITTO

..........................................................................

In the Matter of DCFS o/b/o
N          S          ,

Docket No.
NN-02559-17, NN-02260-17
#60531

A Child under Eighteen Years
of Age Alleged to be Neglected by

AMENDED PETITION
(Child Neglect)

TIANNA SANCHEZ and MATTHEW SANCHEZ,
                        Respondents.

..........................................................................

**NOTICE:** IF YOUR CHILD STAYS IN FOSTER CARE FOR 15 OF THE MOST RECENT 22 MONTHS, THE AGENCY MAY BE REQUIRED BY LAW TO FILE A PETITION TO TERMINATE YOUR PARENTAL RIGHTS AND MAY FILE BEFORE THE END OF THE 15-MONTH PERIOD. IF THE PETITION IS GRANTED, YOU MAY LOSE YOUR RIGHTS TO YOUR CHILD AND YOUR CHILD MAY BE ADOPTED WITHOUT YOUR CONSENT.

TO THE FAMILY COURT:

The undersigned Petitioner respectfully alleges that:

1.  Petitioner, Dutchess County Department of Community and Family Services, is a duly authorized agency having its office and place of business at 60 Market Street, Poughkeepsie, New York 12601.

2.  The child who is the subject of this proceeding is:

| Name | Sex | Date of Birth | Custodial Parent/Guardian | Child's Address |
|---|---|---|---|---|
| N | (M) | 2015 | DCDCFS | 60 Market Street Poughkeepsie, NY |

3.a. Upon information and belief, the father and mother of the child and their respective residence addresses are:

| Name of Child | Name of Parent | Parent's Address |
|---|---|---|
| N       S | Tianna Sanchez<br>Matthew Sanchez | |

  b. Upon information and belief, the persons legally responsible for the care of said children ae Tianna Sanchez and Matthew Sanchez.

  4. Upon information and belief, the children are neglected on the following grounds and based upon the following facts: Respondents' failure to exercise a minimum degree of care in providing the child with proper supervision or guardianship by unreasonably inflicting or allowing to be inflicted harm or a substantial risk of harm including the infliction of excessive corporal punishment and by other acts of a similarly serious nature requiring the aid of the court and domestic violence between the parents in the presence of the child.

  5. Upon information and belief, Respondents Tianna Sanchez and Matthew Sanchez, the mother and father of the child, are the persons who are responsible for the neglect of the child.

  6. Upon information and belief, on May 24, 2017, the following child was temporarily removed from the care of the following Respondents, Tianna Sanchez and Matthew Sanchez, on the basis of the following facts and for the following reasons: in accordance with a court order pursuant to Family Court Act §1022, issued on May 24, 2017.

  7. a. Upon information and belief, continuation in, or return to, the child's home would be contrary to the best interests of the child because: Respondents' failure to exercise a minimum degree of care in providing the child with proper supervision or guardianship by unreasonably inflicting or allowing to be inflicted harm or a substantial risk of harm including the infliction of excessive corporal punishment and by other acts of a similarly serious nature requiring the aid of the court and domestic violence between the parents in the presence of the child.

This assertion is based upon the following information: Case Record and court order issued May 24, 2017.

  b. Upon information and belief, reasonable efforts, where appropriate, to prevent or eliminate the need for removal of the child from the home were made as follows: casework counseling, advising against physical discipline.

This assertion is based upon the following information: Case Record and court proceeding on May 24, 2017.

  c. Upon information and belief, based upon Petitioner's investigation there is no non-respondent parent, relative or suitable person with whom the child may appropriately reside.

d.      Upon information and belief, imminent risk to the child would not be eliminated by the issuance of a temporary order of protection or order of protection directing the removal of anyone from the children's residence, based upon the following facts and for the following reasons:  see attached affidavit of Candace Lynch, Case Manager II.

8.      The subject child is not a Native-American child, who is subject to the Indian Child Welfare Act of 1978 (25 U.S.C. §§ 1901-1963).

9.      [Required if removal or continued removal of children is requested]:[1]
Petitioner is required to obtain education information and to provide that information to foster care providers and other parties to this proceeding.  Unless otherwise obtained by release, Petitioner thus seeks a court order to obtain the education records (including special education and early intervention records) of each child named in this Petition who is not placed with a parent(s)/legal guardian(s), and a court order to provide such records to service providers where such records are necessary to enable the service provider to establish and implement a plan of service.

WHEREFORE, Petitioner requests that an order be issued determining the children to be neglected and otherwise dealing with the child in accordance with the provisions of Article 10 of the Family Court Act.

Dated: June  26 , 2017

SABRINA JAAR MARZOUKA, JD, MPH
COMMISSIONER

James Fedorchak, County Attorney
BY: LAURA GAIL SKOJEC
Sr. Assistant County Attorney
Dutchess County Department of
Of Community and Family Services
60 Market Street, Poughkeepsie, NY  12601
(845) 486-3051

---

[1] This notice is required by the federal *Family Educational Rights and Privacy Act* [20 U.S.C. §1232(g)(b)(2)(B)].

VERIFICATION

STATE OF NEW YORK  )
                   )ss.:
COUNTY OF DUTCHESS )

SABRINA JAAR MARZOUKA, JD, MPH, being duly sworn, deposes and says:
That she is the Commissioner of the Dutchess County Department of Community and Family Services and is acquainted with the facts and circumstances of the above-entitled proceeding; that she has read the foregoing petition and knows the contents thereof; that the same is true to her own knowledge except as to those matters therein stated to be alleged upon information and belief, and that as to those matters she believes it to be true.

_____
Petitioner
SABRINA JAAR MARZOUKA, JD, MPH
COMMISSIONER

Sworn to before me this
26 day of June, 2017

_____
Notary Public

Sharon L. Avila
Notary Public State of New York
No. 01AV6038296
Qualified in Ulster County
Commission Expires March 6, 2018

STATE OF NEW YORK )
                  ) SS:.
COUNTY OF DUTCHESS)

I, Candace Lynch, being duly sworn does hereby depose and state:

1. I am a Case Manager II for the Dutchess County Department of Community and Family Services in the Child Protective Services Unit.

2. S﹍ H﹍ (d.o.b. ﹍/2002), D﹍ H﹍ (d.o.b. ﹍/2005) (also known as "DJ"), T﹍ H﹍ (d.o.b. ﹍/2010) and N﹍ S﹍ (d.o.b. ﹍/2015) are the children of Tianna Sanchez. The father of S﹍, D﹍, and T﹍ reported to be Davion Hounshell. His address is unknown and the mother reports no contact with him for several years. The mother also reported that Mr. Hounshell was the married father. The father of N﹍ S﹍ is Matthew Sanchez and he is the married father. The children resided at ﹍ NY with Mr. and Mrs. Sanchez, and are currently at the Children's Home in Poughkeepsie since their removal on 5/25/17. The Hounshell children refer to Mr. Sanchez as their father. Mr. Sanchez has other children under the age of 18 who reside in New York State.

3. On 5/30/2017 I authored a neglect petition regarding this family. I reaffirm and restate the facts of that petition as if more fully set forth herein.

4. Since 5/30/2017 additional information has been obtained as follows:

   a. On 6/16/17, I met with D﹍ H﹍ at Webutuck Middle School. Also present were Deputy Basler from the Sheriff's Department and Tara Hart, the school Social Worker. While I met with D﹍ he disclosed incidents of Mr. Sanchez choking him and said that Mr. Sanchez has also choked his mother. D﹍ described a choking incident by Mr. Sanchez in which he was choked to the point of unconsciousness and that it occurred during the time that he lived in Millerton (he has lived in Millerton approximately one year). D﹍ could

not remember the exact date, but said that he thought it was after Christmas of 2016. He said that he was in the dining room and that Mr. Sanchez started out by punching him and then proceeded to choke him to the point that he passed out.

    b.    On 6/16/17, I met with T  H      at Webutuck Elementary School with his Social Worker, Janice McSpirit. He told me that he has seen Mr. Sanchez choke his mother and also has seen him choke D    . He said that one time he saw Mr. Sanchez "put his hands around DJ's neck" and that he was "squeezing" D      neck causing him to pass out. T     reported that his mother had to tell Mr. Sanchez to stop "about twenty times." His mother told sent T    and his siblings outside when this happened and T     reported "I thought DJ was going to die" and that it made him feel "sad" because "he's my brother." T    said that his mother was crying when this happened.

    c.    Mr. Sanchez has four children that he does not currently have contact with. Their names are D    S      (d.o.b.    /1999) M    S      (d.o.b.    /05), E    S    (d.o.b.    /2007), and A   F   (d.o.b. 3/03). R    G    is D     mother. Victoria Sanchez is the mother of M    and E    On 6/19/2017, I met with M    S    (   /2005). He does not currently have contact with his father, but lived with his father for the first four years of his life prior to his mother leaving Mr. Sanchez and obtaining an order of Protection on their behalf. M    told me that his father would hit him with objects and belts on a regular basis. He stated that his father often hit him with his toys with such force that it would cause the toys to break. He also reported that his father choked him on a regular basis. He said that when he was choked he couldn't breathe and "felt like he was going to die." His mother, Victoria Sanchez, reported when she ended the relationship with Mr. Sanchez and

obtained Orders of Protection, her son had to enter therapy and suffered from emotional and behavioral problems because of the abuse by his father.

    d.    On 6/19/2017, V    S    reported to me that Mr. Sanchez used to choke her to the point of passing out on a regular basis. She reported that he would use his hands and pillows. On 6/21/2017, R   G   , the mother to D   S   z, told me that when she was with Mr. Sanchez he would choke her with his hands and by covering her face with a towel.

    e.    On 6/22/2017, I met with D   at the Children's Home of Poughkeepsie. He again talked about being choked by Mr. Sanchez and he added that when he woke up from being choked, Mr. Sanchez asked him "did you see hell?" and also told him "you are going to hell." No medical treatment was sought and D reported that he was kept home from school for a few days because he also had a mark on his face from being punched by Mr. Sanchez. He showed me the scar of which he says was caused by his tooth breaking his skin after being punched by Mr. Sanchez.

WHEREFORE, Dutchess County Department of Community and Family Services respectfully requests that the children be adjudicated neglected children in accordance with Article 10 of the Family Court Act, that temporary placement of S  H  , D  H  , T  H  and N  S  continue with the Dutchess County Department of Community and Family Services or other relief and for such other and further relief as the Court deems just and proper.

                                    CANDACE LYNCH, Case Manager II

Sworn to before me this
26 day of June, 2017

Ann Marie Piccone
Notary Public, State of New York
No. 5008778
Qualified in Dutchess County
Commission Expires March 1, 2019