5050-87/dmf

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MATTHEW SANCHEZ and TIANNA SANCHEZ,

                      Plaintiffs,

                                              7:17-cv-06597-CS

     -against-

COUNTY OF DUTCHESS, BENJAMIN DOTY, as police
officer with County of Dutchess and in his individual capacity;
GLEN BROWN, as probation officer with County of Dutchess
Office of Probations & Community Corrections and in his
individual capacity, CANDACE LYNCH, as CPS investigator
with County of Dutchess Department of Community and
Family Services - Child Protective Services and in her
individual capacity, HON. JOSEPH EGITTO and HON.
CASEY McCABE,

                      Defendants.

------------------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DISMISSAL

                                   McCABE & MACK LLP
                                   David L. Posner
                                   Attorneys for Defendants
                                   63 Washington Street
                                   P.O. Box 509
                                   Poughkeepsie, NY 12602-0509
                                   Tel: (845) 486-6800

5050-87/dmf

# TABLE OF CONTENTS

**Page**

Preliminary Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Procedural History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Second Amended Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I

       The Younger Doctrine Requires this Court to Abstain
       from Hearing Plaintiffs' Request for Equitable Relief. . . . . . . . . . . . . . . . . . . . . . 3

POINT II

       The SAC Fails to State a Claim Against Dutchess County. . . . . . . . . . . . . . . . . . . 4

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

M<sup>C</sup>CABE & MACK LLP, ATTORNEYS AT LAW, POST OFFICE BOX 509, POUGHKEEPSIE, NY 12602

5050-87/dmf

## TABLE OF AUTHORITIES

Ashcroft v. Iqbal, 556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Diamond "D" Constr. Corp v. McGowan, 282 F.3d 191, 198-202
(2d Cir., 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Jones v. County of Westchester, 678 Fed. Appx. 48 (2d Cir., 2017). . . . . . . . . . . . . . . . . . . 4

Kirschner v. Klemons, 225 F.3d 227, 228 (2d Cir., 2000). . . . . . . . . . . . . . . . . . . . . . . . . . 4

Monell v. Department of Social Services, 368 U.S. 658 (1979). . . . . . . . . . . . . . . . . . . . . . 5

Moore v. Sims, 442 U.S. 415 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Outlaw v. City of Hartford, 881 F.3d 351, 372-74 (2d Cir., 2018). . . . . . . . . . . . . . . . . . . . 5

Samuels v. Mackell, 401 U.S. 66, 69 (71). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Younger v. Harris, 401 U.S. 37 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 5

-ii-

M<sup>c</sup>CABE & MACK LLP, ATTORNEYS AT LAW, POST OFFICE BOX 509, POUGHKEEPSIE, NY 12602

5050-87/dmf

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of defendants' motion to dismiss on the grounds of abstention as there are pending criminal and Family Court matters in which the plaintiffs are, respectively, the defendants and respondents, involving the same subject matter alleged in the second amended complaint. ("SAC").

## PROCEDURAL HISTORY

Plaintiffs commenced this action on August 28, 2017. (Dkt. No. 3). An amended complaint was filed on September 1, 2017. (Dkt. No. 7). A second amended complaint was filed on January 2, 2018. (Dkt. No. 7). On February 27, 2018 defendants filed a letter seeking a pre-motion conference expressing the desire to move to dismiss on abstention grounds. (Dkt. No. 23). Plaintiffs responded (Dkt. No. 25) and a conference was held on March 26, 2018. Plaintiffs received until May 25th to further amend their complaint and defendants 30 days thereafter to move to dismiss or answer. (See Minute Entry). Plaintiffs did not file a third amended complaint and defendants now move to dismiss the SAC.

## SECOND AMENDED COMPLAINT

The SAC alleges plaintiffs' four children were removed from their custody on May 24, 2017, ¶93, upon the order of Judge Egitto, ¶¶103-104, based upon the DCFS petition and testimony of defendant Lynch. ¶95. Presently, multiple neglect petitions are pending in the Dutchess County Family Court. The SAC also alleges that there are criminal charges pending in the Town of North East Justice Court presided over by Judge McCabe. (¶¶130-146). (Judges Egitto and McCabe have been dismissed from the case).

The basic claim in the SAC is that those accusing plaintiffs in both forums are wrong, or worse. See, e.g., ¶¶54-59 with respect to Doty; ¶¶65-74 with respect to Brown and ¶¶85-97 with respect to Lynch. These are presumably the same fact based defenses plaintiffs will raise

5050-87/dmf

in the pending state criminal and Family Court proceedings.

It is further alleged, with respect to Brown and Lynch, that their improper actions "on information and belief, reflects a failure on the part of the County of Dutchess to train and supervise" its probation and CPS workers. (¶¶78, 102). (The same allegation is made with respect to Millerton Officer Doty although it is inapplicable to the County. (¶60)).

The SAC requests the "court to enjoin defendants' unlawful conduct and return custody of their children" to them. (¶5). It also seeks a declaratory judgment and permanent injunction ensuring their "unlawful practices are eliminated" and, again, return of their children. (See WHEREFORE clause, ¶¶A, B, C, D and H).[1] The court previously denied a request to transfer the state proceedings to this court. (Dkt No. 9).

Submitted as exhibits to the Posner affidavit are the accusatory instruments filed by defendant Doty in the Justice Court of the Town of North East charging plaintiffs with Endangering the Welfare of their minor children and the Family Court petitions alleging plaintiff's neglected their children under Article 10 of the Family Court Act.

The court may consider these documents as they are referred to and integral to the SAC and the relief plaintiffs' seek, i.e., to enjoin these proceedings. Also, for the purpose of evaluating defendants' request for abstention, the court must know the nature and scope of the pending state court proceedings. Defendants are not seeking to dismiss the SAC for failure to state a claim, nor asking the court to evaluate the truth of the allegations in the attached court pleadings. It can, and indeed defendants assert must, take judicial notice of these documents for the fact that there are pending state court proceedings which necessitate invocation of the Younger doctrine.

---

[1]   The AC also seeks compensatory and punitive damages.

5050-87/dmf

**POINT I**

**THE <u>YOUNGER</u> DOCTRINE REQUIRES THIS
COURT TO ABSTAIN FROM HEARING
PLAINTIFFS' REQUEST FOR EQUITABLE RELIEF**

In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the Supreme Court made plain there is a "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." <u>Id</u>. at 41.  <u>Younger</u> re-affirmed the rule in <u>ex parte Young</u>, 209 U.S. 123 (1908) that "the accused should first set up and rely upon his defense in state court...unless it appears that this course would not afford adequate protection." <u>Id</u>. at 45.

There plainly is no threat of irreparable injury to plaintiffs which is "both great and immediate" and the state statutes in issue are not flagrantly unconstitutional on their faces. The SAC makes no allegations of either circumstance.  Indeed the statutes reflect an ordinary and expected prohibition against assault and physical abuse and neglect of children, areas of regulation well within a state's jurisdiction raising no federal constitutional issues.  Plaintiffs' prayer for declaratory relief is likewise barred.  <u>Samuels v. Mackell</u>, 401 U.S. 66, 69 (71).

The Supreme Court extended these doctrines beyond pending state criminal prosecutions in <u>Moore v. Sims</u>, 442 U.S. 415 (1979), a case remarkably similar to this one. Texas had removed children from their parents on an emergency basis due to physical abuse allegations and the parents filed a federal suit seeking to enjoin the state juvenile court proceedings and a declaration that the applicable statutes authorizing the proceedings were unconstitutional.  The court had little difficulty applying the <u>Younger</u> rule, i.e., absent "extraordinary circumstances" yielding immediate and irreparable injury, abstention is proper, to pending state child abuse/removal hearings.  "Family relations are a traditional state

5050-87/dmf

concern." <u>Moore</u> at 435.[2]

The pending criminal cases charge each with multiple counts of Endangering the Welfare of a Child in violation of Penal Law §260.10.  (<u>Exhibit "B"</u>).  The Family Court matter charges each with Neglect of three of Mrs. Sanchez' children who are Mr. Sanchez' step-children (<u>Exhibit "C"</u>) as well as their joint child.  (<u>Exhibit "D"</u>).

When confronted with a case that seeks injunctive, declaratory or other equitable relief against these types of state matters the <u>Younger</u> abstention doctrine requires a District Court to maintain a hands-off posture and dismiss those claims in their entirety.

The court can retain jurisdiction over that aspect of the case which seeks money damages but a stay should issue preventing the case from going forward pending resolution of the state proceedings.  <u>Kirschner v. Klemons</u>, 225 F.3d 227, 228 (2d Cir., 2000); <u>Jones v. County of Westchester</u>, 678 Fed. Appx. 48 (2d Cir., 2017). (Summary Order).

As a result the court should dismiss all claims for injunctive and declaratory relief and stay plaintiffs' claims for monetary damages pending final resolution of the criminal matters in the Town of North East and the Neglect proceedings under Article 10 of the Family Court Act pending in the Dutchess County Family Court.

## POINT II

## THE SAC FAILS TO STATE A CLAIM
## AGAINST DUTCHESS COUNTY

All claims, for equitable and monetary relief against Dutchess County should be dismissed for failure to state a claim.

All claims, monetary and equitable, against Dutchess County are subject to dismissal

---

[2]    See, <u>Diamond "D" Constr. Corp v. McGowan</u>, 282 F.3d 191, 198-202 (2d Cir., 2002) for this Circuit's discussion of the exacting standard a plaintiff must meet to establish "extraordinary circumstances" or "bad faith" sufficient to overcome the <u>Younger</u> doctrine.

5050-87/dmf

under 12(b)(6) for failure to state a claim without regard to <u>Younger</u> abstention.  Plaintiff's

sole allegations are in ¶¶78 and 102 that "on information and belief" the individual

defendants' conduct "reflects" a failure to train on the County's part are woefully inadequate

to allege a plausible policy, custom or practice under <u>Monell v. Department of Social</u>

<u>Services</u>, 368 U.S. 658 (1979) and the pleading requirements of <u>Ashcroft v. Iqbal</u>, 556 U.S.

662 (2009).  See also, <u>Outlaw v. City of Hartford</u>, 881 F.3d 351, 372-74 (2d Cir., 2018)

discussing the necessary elements of a <u>Monell</u> claim.

 The alleged errors of Lynch and Brown do not support a direct claim under §1983

against Dutchess County and its dismissal, not a stay, is appropriate independent of the

<u>Younger</u> doctrine.[3]

**CONCLUSION**

 For the foregoing reasons the claims against Dutchess County should be dismissed for

failure to state a claim, the court should abstain and dismiss the claims for injunctive and

declaratory relief and the claim for monetary damages against the individual defendants

should be stayed pending resolution of the state court criminal and Family Court proceedings.

Dated: Poughkeepsie, New York
   June 5, 2018

_____
David L. Posner (0310)

---

[3] Defendant Doty is employed by the Village of Millerton Police, not Dutchess County,
thus the identical allegation in ¶60 against the County is inappropriate but even if he did
work for the County dismissal would be appropriate.