United States District Court
Southern District of New York
-----------------------------------------------------------------x

MATTHEW SANCHEZ and TIANNA SANCHEZ

                    Plaintiffs'                    7:17-cv- 6597(CS)

06597-CS

-against-

COUNTY OF DUTCHESS, BENJAMIN DOTY, as police officer
with County of Dutchess and in his individual capacity;
GLEN BROWN as probation officer with County of Dutchess
Office of Probations & Community Corrections and in his individual
capacity; CANDACE LYNCH, as CPS investigator with County of
Dutchess Department of Community and Family Services- Child
Protective Services and in her individual capacity

                    Defendants

-----------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8-24-18

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
## OF OPPOSITION TO DISSIMAL

Matthew Sanchez and Tianna Sanchez
Plaintiffs'
P.O. Box 528
Glenham, NY 12527



RECEIVED
AUG 24 2018
U.S.D.C.
WP



# Table of Contents

|  | Page |
|---|---|
| Preliminary Statement/ Opposition of Motion to Dismiss | 1 |
| Case History | 1 |
| Second Amended Complaint | 1 |
| Opposition to POINT I<br>The Young Doctrine Allows the Federal Court to intervene where there is irreparable damage, and when state court would not afford adequate protection | 4 |
| Opposition to POINT II | 8 |
| Conclusion | 9 |
| Proposed Amended Complaint |  |

# Table of Authorities

Young v. Harris 401 U.S 37 (1971)     4,5

Parker v. Griswold     5

Woodruff v. Mining Co     5

Hitch v. Edgecombe County     5

Macauley v. Tierney     5

Voet, Com. ad Pand     5

Sanderlin v. Baxter     5

Farley v. Gate City Gaslight Co.,     5

Wahle v. Reinbach     5

Camp v Dixon     5

Johnson v. Kier. 3 Pittsb. R     5

Moore v Sims, 442 U.S.415 (1979)

Kia P. v. McIntyre, 235 F.3d 749, 759 (2d Cir.2000)     6

Diamond "D" Constr. Corp v McGowan     8

Tenenbaum v Williams, 193 F.3d at 593

Troxel v. Granville

Monell v. Department of Social Service     11

City of Canton v. Harris     9

Anthony v. City of N.Y     12

Parham v. J. R     12

## Preliminary Statement

This civil action/litigation memorandum of law is submitted in support of plaintiffs' opposition to defendants' motion to dismiss. In response to rule 12 motion supported by matters outside the pleading and rule 56.

## Case History

We the Plaintiffs' filed first complaint on August 28, 2017. (Docket No. 3). An amended complaint was file on September 1, 2017 to add additional information. (Docket No. 7). A second amended complaint was file on January 2, 2018 in refence to the response and request from Hon. Judge McMahon. (Docket No. and Docket No. 7). On February 25, 2018 the defendants filed a letter seeking a pre-motion conference (Docket No. 23). The Plaintiffs' responded and conference was held on March 26, 2018 (Docket No. 25). A third amended complaint was allowed to Plaintiffs' until May 25, 2018, a letter was sent by Plaintiffs presenting the oppositions, misunderstanding of attorneys and NYLAG clinic refusal to assist and lack of knowledge on how to proceed without counsel. Plaintiffs' request for counsel was denied on serval occasions. The defendants move to dismiss the second amended complaint and Plaintiffs' oppose that motion.

## Second amended complaint

As stated in our (Plaintiffs') second amended complaint (SAC) our four children were removed from our care on May 24, 2017 (SAC #93), upon Judge Egitto order based upon DCFS petition and testimony and filing by CPS worker and defendant Candace Lynch, Probational Officer and defendant Glen Brown and Webutuck school (SAC #95), this is not alleged but stated in the family court petition (Exhibit D #6, 7d). There is one neglect petition for each of the Plaintiffs' (defendants/respondents' in the family court case) currently in trail. According to

the defendant's petition to dismiss, they state we alleged that there are criminal charges pending in the Town of Northeastern court presided over Judge McCabe (SAC #130-146), these charges was filed with the help of defendant Lynch and defendant Doty (SAC #95, 54, Exhibit B).

The defendant's states that the same fact based that we the Plaintiffs' present in our SAC (Doty 54-59, Brown 65-74, Lynch 85-97) would be the same defense we will raise in the pending state criminal court and family court proceeding. The opportunity to present such defense and testify we were deprived of because of the prejudice we would have suffered from disclosing anything in reference to the case, which anything said could be used against us in criminal court and invoke double jeopardy against us. Due to the risk of self-incrimination the Plaintiffs' (defendants in the Family court and criminal court proceeding) was deprived of their right to a fair hearing as guaranteed by the United State Constitution and New York State Constitution. Which also deprived the Family Court Judge Egitto of the valuable testimony on our behalf, as well as if criminal court goes to trail the jury would be deprived of the same.

In our SAC we the plaintiff stated that the improper actions are a reflection on Dutchess County (SAC 60, 78, 102). Those whom hire, train, and pay individuals are responsible for their misconduct and unprofessional behavior being employed under the responsibility of Dutchess County. Individuals such as Brown, Doty and Lynch are supposed to protect and maintain a professional attitude, without lies and false accusations, and without maliciously filing against individuals to cover up for a job not done properly showing lack of integrity and lack of proper character representing as county and state officials. Posner the defendants' attorney states that Doty is not employed by Dutchess County, But according to the literal construction of information and complaint written by Officer Doty he states that "I, Benjamin Doty, the complainant herein, am a Police officer of the State of New York, To wit: the Village of

Millerton Police Department, Dutchess County, New York (See exhibit C), if what his attorney is stating is true than officer Doty lied on his complaint and the complaint should be null and void on its face. , and the charges should not have been filed and we should not be in this situation. that still does not negate the fact that Dutchess County is responsible for both Lynch and Brown whom are directly employed by County of Dutchess Department of Community and Family Services (see Exhibit D) and County of Dutchess Office of Probations & Community Corrections (see exhibit E). All three defendants are employed by the County of Dutchess whether directly employed or employed by the town whom is employed by the County and State.

In our SAC we are requesting that the court enjoin defendant's unlawful judgement and return custody of our children. We do acknowledge that in the order to amend Judge Colleen McMahon did deny the transfer of our state proceeding (Docket # 9). We are also requesting compensatory and punitive damages.

With our affidavits we the Plaintiffs have submitted the accusatory instruments filed by defendant Doty (See Exhibit B), which are based on hearsay and allegations filed from defendant Lynch. Each original charge was not based on any proof or depositions from the accusers. We have also attached the new filing and depositions from D.H. and S.H (see Exhibit C), along with the family court petition (see Exhibit D), as well as the direct lies of the defendants Probation Officer Brown (see Exhibit E), CPS worker Lynch (see Exhibit D) and Officer Doty (see exhibit B, C, D).

If the court decides to consider these documents and use them to consider whether or not to proceed with the case, we believe it would be in the best interest that the judge request the transcripts from both state court proceedings family and criminal court. We are now currently in

the middle of trail for our family court case and there are a lot of discrepancies and inconsistency from the witnesses.

## OPPOSITION OF POINT I

## The <u>Young</u> Doctrine Allows the Federal Court to intervene where there is irreparable damage, and when state court would not afford adequate protection

We the Plaintiff agree with the defendants that in **Younger v. Harris 401 U.S. 37 (No. 2, p 41, 43)** the federal court can not intervene in state court proceedings unless under certain circumstances. Also, **Young 209 U.S. 123** states that the accused should first rely upon his defense in state court; unless it appears that this course would not afford adequate protection.

However, <u>**Younger v. Harris**</u> **401 U.S. 37** also states that the federal court can intervene if a party will suffer irreparable damages, as well if the accusers will not get adequate defense. We the Plaintiff's as well as our children in this matter have and continue to experience irreparable damages that is both great and immediate. In our complaints we have shown and stated that it has and continues to happen (see SAC, proposed amended complaint/PAC). Irreparable damages and injury aren't clearly defined in <u>**Young vs Harris**</u>, but according to Cornell Law Wex legal dictionary (law.cornell.edu) *Irreparable injury* means harm that no measurable monetary compensation can cure or reverse, such as cutting down a shade trees, polluting a stream, or not giving a child needed medication. According to TheLaw.com law dictionary(dictionary.thelaw.com) injury is any wrong or damage done to another, either in his person, right, reputation, or property, see <u>**Parker v. Griswold**</u>, 17 Conn. 298, 42 Am. Dec. 739; <u>**Woodruff v. Mining Co**</u>., 18 Fed. 781; <u>**Hitch v. Edgecombe County**</u>, 132 N. a 573, 44 S. E. 30; <u>**Macauley v. Tierney**</u>, 19 R. I. 255, 83 Atl 1 37 L. R. A. 455, 61 Am. St Rep. 770.

Our children have been deprived of adequate care while in the custody of CPS and foster care (ongoing emails and communication to prove inadequate care, see Exhibit G), our children minds have been polluted to think negative about us. In our family court trail S.H. was on the stand and her lawyer stated to S.H. that her step dad and mother is implying and saying that she is lying and that nothing happened. Not only did Tom Gabino lie on behalf of Mr. and Mrs. Sanchez but he is causing conflict in a relationship that is already dislocated, detached and in jeopardy of being irreparable. If this inappropriate statement was made publicly in court what more are our children being told that is causing this irreparable relationship. In civil law a delict committed in contempt or outrage of anyone, whereby his body, his dignity, or his reputation is maliciously injured, see Voet, Com. ad Pand. 47, t 10, no. 1. According to TheLaw.Com irreparable injury does not mean such an injury as is beyond the possibility of repair, or beyond possible compensation in damages, or necessarily great damage, but includes an injury, whether great or small, which ought not to be submitted to, on the one hand, or inflicted, on the other; and which, because it is so large or so small, or is of such constant and frequent occurrence, cannot receive reasonable redress in a court of law see **_Sanderlin v. Baxter_**, 76 Va. 806, 44 Am. Rep. 165; **_Farley v. Gate City Gaslight Co._**, 105 Ga. 823. 31 S. E. 193: **_Wahle v. Reinbach_**. 76 Ill. 322; **_Camp v. Dixon_**, 112 Ga. 872. 38 S. E. 71. 52 L. R. A. 755. Also wrongs of a repeated and continuing character, or which occasion damages that are estimated only by conjecture, and not by any accurate standard, are included, see **_Johnson v. Kier. 3 Pittsb. R._** (Pa.) 204 (see SAC and proposed amended complaint).

As stated in the Merriam Webster dictionary (merriam-webster.com) irreparable means impossible to get back or make right, too bad to be corrected or repaired, rectify, or amend, and damages means harm, impairment, hurt, legal injury, wrong. According to TheLaw.com

irreparable damage are damages where a monetary award would be insufficient to compensate the plaintiff, no amount of monetary compensation can adequately and sufficiently make the injured party truly whole or reverse the injury, for example negligence in the birth of a child resulting in brain damage.  As stated in our SAC (Exhibit A), and PAC (attached) the amount of time lost, long term mental damage, social damage, damage to our character, our reputation, our parent-child relationship, our family relationship are all damage and injuries that can't be compensated for.  Therefore, if a party will suffer or has suffered any of the above they fall within the Federal courts right to intervene because of the irreparable injury/damages.  We have experienced, our family being ripped apart, a legal kidnapping and we are in danger of our relationships between father, mother and children not being repairable.  We have experienced an excruciating four months of added stress, heartache, despair, misery from not seeing or speaking with our children due to the order of protection criminal court maliciously filed (see Exhibit J).  Our family court lawyers had to petition the court for visitation rights (see Exhibit K), when it is our right as parents in the United States to not be dislocated from the emotional attachments that derive from intimacy of daily family association, ***Kia P. v McIntyre*, 235 F.3d 749.**  We have been robbed of time that we will never be able to be compensated for, mental and physical pain, grief, depression, helplessness and financial loss on all parties involved.  We have been threatened by state representatives that we could lose custody of our children due to time frames that the state court imposes (see family court law, cps procedure), that they have abused and their misuse of time on behalf of the petitioners in state court.  Taking children away from a parent is irreparable; in addition, they were taken away from a healthy home because of hearsay, bad judgment, bad thoughts (defendants), allegations and no evidence, and without due process shows the depth of it.  Our children have been out of our care for over a year with no effort on

behalf of CPS or the court to truly investigate and obtain *evidence* and *proof* not hearsay and false statements (see exhibit E). Also injury or personal injury refers to a hurt or damage done to a man's person, such as a cut or bruise, or the like as distinguished from injury to his property or his reputation, Officer Brown has lied to slander our character, and portray us as inconsiderate, thoughtless, uncaring, insensitive parents (see Exhibit F), as well as CPS worker Lynch slander our character and portray us as uncooperative, dangerous, abusive, neglectful, and pushy due to religion attacking our religion (see Exhibit A, E) and officer Doty (see exhibit D).

    Also, in both state court proceeding we have experienced bias (see Exhibit A), partiality and favoritism towards the petitioning parties in state court. Due to allegation being brought on by children we were forced into court without a fair chance or trail. Our first family court lawyers failed to file a petition for an expedited hearing on our behalf which would have helped avoid irreparable harm and misplaced in foster care. We have been denied a fair chance at trail, which is guaranteed by the United States Constitution and the New York State constitution. Due to the prejudice we have suffered and will continue to suffer, we have been deprived of the right to testify in our family court trail and we will not be able to take the stand in the criminal trail which deprives the jury and Judge of valuable testimony on our behalf. There is evidence that we have and have not been allowed to submit due to us being unable to testify, valuable information that would prove our innocents. Our lawyers have stated that we should take the Alford plea because we don't have a fair chance at winning, and because we have a criminal case open it would be in our best interest. Judge Egitto stated in the trail that he accepted this case on less than admission. Since both case proceedings started we have been Under Duress.

    We have shown the "extraordinary circumstances" and "bad faith" that is revealed in both of our state proceedings as discussed in **_Diamond "D" Constr. Corp v McGowan_**, 282 F.3d

191, 198-202 (2d Cir., 2002). Our criminal court proceeding has been delayed and allowed to continuously be pushed off to interfere with our family court proceeding (see Exhibits H, J). The criminal court judge has allowed the district attorney to refile on several different occasion despite our right to speedy trail. CPS investigation was initiated from an alleged bruise and allegedly D.H. sleeping in the garage. Webutuck school reported these bruises in bad faith. The same bruises were reported to the school principle Eric Lynch on Friday May 12, 2017, and we know he reported these allegations to CPS because of several complaints we had to him about D.H. coming home with bruises and the school not supervising the children properly. Our children were taken away in "bad faith", by CPS worker Lynch. When CPS worker Lynch came to our home on May 23, 2017 the day before she initiated the court order to uproot our family and take our children May 24, 2017 she made statements about our faith (see Exhibit A), she didn't like that we asked her questions and wanted to know what the next step was, she refused to answer any questions on what to do with the issues we have at home with our children, and her advice as a CPS worker. She didn't like that we are Christians, the fact that we asked questions and we cared about what the procedures of CPS are, and she didn't like the fact that before we allowed her to proceed we asked her the reason why, many times cps worker Lynch was trying to intimidate the plaintiff's using her credentials and ordering us around placing us "under duress," she lie about what happened during that visit (see Exhibit A, E, and PAC). In plain CPS worker Lynch didn't like to be questioned, had a distaste for our religious beliefs, our criminal court proceeding has been brought in "bad faith and the purpose to harass" and keep us from testifying in our family court case.

## OPPOSITION OF POINT II

According to ***City of Canton v Harris*** under Section 1983 a city may be liable for the underlying constitutional violation committed by a non-policymaking employee if the city's policy is objectively deliberately indifferent to the likelihood a particular constitutional violation would occur. In our case there is an obvious need to train, and it was deliberately indifference not to do so. Office Doty whom according to his statement is an employee of Dutchess County, and he is given the power to respond to a police call, the power to enforce the civil law and arrests, the power to write the police report in his time and the power to add or subtract from what he writes in the report, so the County should have trained officer Doty on how to respond to a police call, how to accurately record the events that took place during that call, how to accurately record what was said and by whom it was said during that call and the proper amount of time to record such incident and generate a police report. From the time Officer Doty was called to our home by us because of our two older children S.H. and D.H. we requested to have a copy of the police report, we were denied access to the report until after the charges in criminal court was filed. There were statements that was made by D.H. and S.H. that was omitted from the police report. We made officer Doty aware on each occasion we talked to him about retrieving the police that we had an open CPS case and we needed him to write up everything that was said and done that night. We also spoke to his superior Officer Rudin about needing the police report for our records, and that there were things said that night that officer Doty needs to make sure is recorded. Officer Doty superior was aware of the situation, this shows a failure to supervise officer Doty. Dutchess county is responsible, for failure to train and supervise CPS worker Lynch. CPS worker Lynch is given the power to investigate alleged child abuse cases, she is given the power to file a petition with family court on her belief and so called "good faith" that the children in question is in immediate danger, she is given the power to decide whether to

speak with the parents or use her authority to be rude, lie, and demand thing to be done her way, she is given the power to write the answers to the questioned asked to the children and parents during the investigations accurately and to the best of her knowledge, she is given the power to address any issues and questions the parents have.  Therefore it is the responsibility of the county to train CPS worker Lynch and to supervise her on the constitutional limits and rights of the parents and the children, as well as the laws put in place by Dutchess County, New York State and the United States that guarantees' due process, that guarantees' the parent and child relationship stays in tack, guarantees' that every effort is made prior to any hearing or after to make it possible for the children to stay or return back to the parents care, guarantees' a parents first and fourteenth amendment right, guarantees' that there is an emergency circumstance, which means the children are immediate threat with harm, not the mere possibility of danger and that false allegations and lies on reports are against the law.  Officer Brown is given power to protect the community through intervention in the lives of those under supervision, he is given the power to serve as a catalyst for positive change, he is given the power to recommend and provide services and help when needed, he is given the power to determine whether an individual is a danger to others or in danger, so the County should have properly trained the officer in all areas.

## Conclusion

We request that the claim against Dutchess County stays.  The Dutchess County can be held liable for unconstitutional acts, policy promulgated by its officers see **City of Canton v. Harris**, 489 U.S. 378, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).  Also see **Monell v. Department of Social Servs**., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  A complaint asserting failure to train as a result of deliberate indifference to constitutional rights

states a claim for relief. Dutchess county is well aware of this same issue due to many lawsuits in the past and present but yet this still persist. We see certain action being done and we know that we are not receiving the help nor the equal opportunity to equally present our case. There is a lot of corruption going on in Dutchess County state courts. We pray for equal opportunity to present our case and evidence, we pray that we are treated fairly and that our rights as a citizen of the United States is not consistently being violated. As citizens and people of the United States individuals in office, and those that are employed by the state and its entities, or the county should have to follow the laws created and enforced by the government. An individual with a title should not be exempt from violating laws, and they should be held accountable for their action that are done in "bad faith".

    We also request that the state court proceeding be transferred, and our case be heard in front in your court; directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful condemnation practices are eliminated; directing Defendants make Plaintiff whole for all damages, including pain and suffering, sustained and hardship endured by Plaintiffs for the deprivation of custody of their children; directing Defendants to compensate Plaintiff whole for all damages resulting from the violation of their federal rights; directing Defendants to pay punitive damages; directing Defendants to pull Plaintiffs' name from the state central registry (SCR), picture and name off the internet and any other private or public sites; and granting such other relief as this Court deems necessary and proper.

    State courts are not exempt from following the constitutional rights of the people, they cannot in no way violate or decide not to follow the civil practices, law and rules that the government have set for all to follow. They are subjected to the supremacy clause of the United States Constitution, which states the federal constitution takes precedence over the state laws and

constitution. Employee's must follow the New York State Ethnics (see doccs.ny.gov), the New York State joint commission on public Ethics (nycourts.gov, jcope.ny.gov). There is a model code of Ethics for local Governments and when these ethnical codes are not followed, it is misconduct on behalf of the employee, and according to these codes the state, the government, whomever employed the individuals, are responsible.

The Sixth Amendment guarantees the right of criminal defendants, including the right to a public trail without unnecessary delay (speedy and public trail). We have been denied our right to speedy trial in our state criminal court proceeding. Our fifth and fourteenth amendment right was also violated. Children and parents have the constitutional right to not be dislocated from the emotional attachments that derive from intimacy of daily family association, **_Kia P. v McIntyre_, 235 F.3d 749.** Parents have a "substantive right under the Due Process Clause to remain together [with their children] without the coercive interference of the awesome power of the state." _**Tenenbaum**_, 193 F.3d at 600; see also, e.g., **_Anthony v. City of N.Y._, 339 F.3d 129,** 142-43 (2d Cir.2003); _Kia P._, 235 F.3d at 757-58. In **_Parham_ v. _J. R._, 442 U.S. 584,** 602 (1979) the relationship between parent and child is constitutionally protected. Mrs. Sanchez relationship with three older children has been severed due to the actions of the court. Visitations between Mrs. Sanchez and S.H, D.H, and T.H has not been encouraged, nor has there been and action to rectify the union.

Dated: August 24, 2018

              Matthew Sanchez

              Tianna Sanchez