5050-87/dmf

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MATTHEW SANCHEZ and TIANNA SANCHEZ,

                Plaintiffs,

                                    7:17-cv-06597-CS

   -against-

COUNTY OF DUTCHESS, BENJAMIN DOTY, as police
officer with County of Dutchess and in his individual capacity;
GLEN BROWN, as probation officer with County of Dutchess
Office of Probations & Community Corrections and in his
individual capacity, CANDACE LYNCH, as CPS investigator
with County of Dutchess Department of Community and
Family Services - Child Protective Services and in her
individual capacity, HON. JOSEPH EGITTO and HON.
CASEY McCABE,

                Defendants.
------------------------------------------------------------------------x

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF ABSTENTION AND STAY AND
IN OPPOSITION TO LEAVE TO SERVE A
THIRD AMENDED COMPLAINT**

                        McCABE & MACK LLP
                        David L. Posner
                        *Attorneys for Defendants*
                        63 Washington Street
                        P.O. Box 509
                        Poughkeepsie, NY 12602-0509
                        Tel: (845) 486-6800

5050-87/dmf

## PRELIMINARY STATEMENT

This memorandum of law is in further support of defendants' motion requesting the court abstain with respect to plaintiffs' claim for injunctive and declaratory relief against pending New York State criminal and Family Court proceedings and a stay of their claim for money damages pending resolution of those state court matters as well as dismissal of the case against the County. It is also in opposition to their request for leave to serve a third amended complaint.

## POINT I

## ABSTENTION AND A STAY ARE APPROPRIATE

Plaintiffs' submission in opposition to defendants' motion demonstrates its validity. They have provided the court with even more documents from both state court proceedings reflecting they involve the same subject matter in this case, i.e., allegations of abuse and neglect of their children, confirmed they have been represented by counsel - even supplying copies of motions in the criminal court matter, and a court decision, reflecting their rights are being protected. They have also advised there has been a trial in the Family Court matter and plea negotiations are underway. (See, e.g., memo in opp., p. 10).

Defendants do not need to reflect upon plaintiffs' articulation of how these matters have effected them emotionally or their frustration, justified or not, at the processes they are part of in these two separate state courts. It is abundantly clear that these state courts are capable of protecting the rights of the parties before them. Also, should error be made at the trial level, well established and plainly adequate appellate remedies exist.

The abstention doctrine defendants urge the court to invoke is designed specifically to ensure comity between sovereign legal systems and reflects an unwillingness of the federal courts to interfere - to enjoin - ongoing state criminal and family court matters.

5050-87/dmf

Defendants will thus rely on the arguments they advanced in their moving papers to support the relief they request, as well as a stay of the money damage claims not subject to abstention.

When all the state proceedings are finally concluded plaintiff can assess if their claim for monetary relief is still viable and if so seek to have the stay lifted. In the meantime nothing further should transpire in this matter.

### POINT II

**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE
A THIRD AMENDED COMPLAINT SHOULD BE DENIED
OR, MINIMALLY DEFERRED UNTIL CONCLUSION OF
THE STATE PROCEEDINGS AND THEN CONSIDERED
IN CONJUNCTION WITH AN APPLICATION TO LIFT
THE STAY, SHOULD ONE BE MADE**

**A)    Denial of Leave**

Plaintiff's had leave to amend, prior to defendants' filing their motion but did not. Defendants cannot comment on their claim that they did not get adequate help from the pro se office. If that occurred, or anything else interfered in their ability to meet the court's deadline to file a third amended complaint, they could and should have advised the court and sought more time. Rather, they did nothing and only now seek to amend months later simultaneous of the filing of their application to defendants' motion.

The proposed amendment is also futile and leave can be denied for this reason. Foman v. Davis, 371 U.S. 178, 182 (1962); Ruotulo v. City of New York, 514 F.3d 184, 191 (2d Cir., 2008).

It still "asks this court to enjoin defendants' unlawful conduct and return custody of their children" to them. (PAC, ¶6). Additionally, paragraphs A-D and H of their Prayer for Relief seek either injunctive or declaratory relief implicit in which would be findings that the state court proceedings about which they complain violate the "First and Fourteenth

5050-87/dmf

Amendments" (¶A) and are perpetrating "violations of law").  (¶B).

Allowing the amendment would not make application of the <u>Younger</u> doctrine any less appropriate and thus it serves no purpose and can be denied.

**B)      Deferral of Application**

In the alternative, the court can deny without prejudice, or defer, the application to amend pending the ultimate outcome of all of the state proceedings.  At such time plaintiffs will be in a position to assess if they wish to have the stay of their money damage claim lifted and if so, at that time any new pleading they wish to interpose can be considered.  In all likelihood between now and then there will be significant further matters that occur which they may want to include in a new complaint.

Amending now, in light of <u>Younger</u>, is premature.

### POINT III

### THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY AGAINST DUTCHESS COUNTY

Plaintiffs' opposition to Dutchess County's motion to dismiss does not raise a substantial defense of the sufficiency of the boilerplate allegations regarding training of the individual defendants Lynch or Brown.[1]  (See, memo in opp., pp. 12-13).  They do no more than repeat the claim that "Dutchess County is responsible for the failure to train and supervise CPS worker Lynch", and Brown, both of whom have power over plaintiffs through their respective jobs.  They do not defend the inadequacy of the pleadings and absence of any plausible factual allegations that the County's training was inadequate, except the claim that Lynch and Brown erred in their case.  This of course is insufficient as plaintiffs need to allege

---

[1]   Plaintiffs' suggestion that Dutchess County is responsible for Officer Doty, a Village of Millbrook police officer, is completely erroneous.  (See, memo in opp., pp. 5-6).  They rely upon his statement that he is a Millerton officer to somehow argue he is in the employ of the County.

5050-87/dmf

a pattern of similar constitutional violations "to support a deliberate indifference" theory against the County with respect to its training and supervision of employees. <u>Connick v. Thompson</u>, 563 U.S. 51, 61 (2011); <u>D'Alessandro v. City of New York</u>, 713 Fed. Appx. 1, 10 (2d Cir., 2017).

The simply conclusory statement that the County failed to train Lynch or Brown fails to state a claim against it.

As a result the second amended complaint fails to state a claim against Dutchess County.

## CONCLUSION

For the foregoing reasons and those in defendants' moving papers, the court should abstain and dismiss all claims for declaratory and injunctive relief and stay plaintiffs' claims for monetary damages pending the final resolution of the pending state criminal and Family court matters.

Dated: Poughkeepsie, New York
August 30, 2018

_____
David L. Posner (0310)